Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| DANIEL FELICIANO FIGUEROA, et als<br><br>Recurrido<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CAGUAS, et als<br><br>Peticionario | TA2025CE00887 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2019CV04081 (701)<br><br>Sobre: Libelo, Calumnia o Difamación |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCION

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece ante nos el Municipio Autónomo de Caguas ("Municipio o "Peticionario") mediante *Certiorari* presentado el 10 de diciembre de 2025. Nos solicita la revocación de la *Orden* emitida y notificada el 27 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "tribunal *a quo*"). Por virtud del aludido dictamen, el foro primario denegó la solicitud de desestimación por falta de parte indispensable instada por el Peticionario.

Por los fundamentos que expondremos a continuación, **denegamos** el auto de *certiorari*.

## I.

El presente caso inició el 31 de octubre de 2019, cuando el señor Daniel Feliciano Figueroa ("señor Feliciano Figueroa") y la señora Tania Ayala Cruz ("señora Ayala Cruz") (en conjunto, "los Recurridos") instaron *Demanda* sobre daños y perjuicios contra el

Estado Libre Asociado de Puerto Rico; el Negociado de la Policía de Puerto Rico; el señor Elmer Román González en su carácter oficial como Secretario del Departamento de Seguridad Pública; el Coronel Henry Escalera, en su carácter oficial como comisionado de la Policía;[1] el Municipio de Caguas; el Hon. William Miranda Torres, en su carácter oficial como alcalde de Caguas; la señora Milagros Trinidad Rodríguez ("agente Trinidad"), Policía Municipal de Caguas tanto en su carácter oficial como personal y varios demandados de nombre desconocido.[2]

En esencia, los Recurridos alegaron que el señor Feliciano Figueroa fue "sometido a un proceso de investigación administrativa, en el cual advino en conocimiento de que en su contra se había iniciado un proceso por razón de una querella presentada en su contra el 4 de diciembre de 2018, por la señora Milagros Trinidad Rodríguez, quien según se desprende del proceso, labora como Policía dentro [d]el Municipio Autónomo de Caguas".[3] En ese sentido, sostuvieron que la querella radicada por la agente Trinidad contenía "imputaciones maliciosas, infundadas, libelosas y hostil", las cuales, presuntamente ocurrieron el 30 de noviembre de 2018.[4] Ante estas acciones, los Recurridos reclamaron una indemnización de ciento veinticinco mil dólares ($125,000.00) por las angustias mentales sufridas por el señor Feliciano Figueroa; una cuantía no menor de cincuenta mil dólares (50,000.00) por el señor Feliciano Figueroa haber participado en un proceso administrativo presuntamente vicioso y, por último, setenta y cinco mil dólares ($75,000.00) por las angustias mentales sufridas por la señora Ayala Cruz.

---

[1] Mediante Sentencia Parcial dictada el 7 de junio de 2021, el tribunal *a quo* "ordenó el archivo con perjuicio de la causa de acción contra Estado Libre Asociado de Puerto Rico, Negociado de la Policía de Puerto Rico, Coronel Henry Escalera y el Sr. Elmer Román González". Véase, SUMAC TPI, Entrada Núm. 19.

[2] Véase, SUMAC TPI, Entrada Núm. 1.

[3] Véase, SUMAC TPI, Entrada Núm. 1, pág. 3.

[4] Véase, SUMAC TPI, Entrada Núm. 1, pág. 3.

En respuesta, el 14 de julio de 2020, el Municipio, el alcalde William Miranda Torres y la agente Trinidad, ambos en su carácter oficial, presentaron *Contestación a la Demanda*.[5] Mediante esta, negaron ciertas alegaciones y levantaron varias defensas afirmativas entre estas, falta de jurisdicción y falta de parte indispensable.

Posteriormente, el 24 de mayo de 2022, el Municipio presentó *Moción de Desestimación por Falta de Jurisdicción en Cuanto a la Codemandada PM Milagros Trinidad Rodríguez*.[6] En esta, arguyó que, puesto que la agente Trinidad fue demandada en su carácter personal y oficial, el emplazamiento debió diligenciarse personalmente a la agente Trinidad y no a una tercera persona. Arguyó que los Recurridos optaron por someter el emplazamiento en la Oficina de Asuntos Legales del Municipio. Por lo tanto, ante el incumplimiento de emplazar oportunamente a la agente Trinidad, y conforme lo exige nuestro ordenamiento jurídico, el Municipio solicitó que se desestimara la causa de acción incoada contra esta parte en su carácter personal.

Por su parte, el 6 de septiembre de 2022, los Recurridos presentaron *Breve Mocion* [sic] *en Cumplimiento de Orden y Solicitud*.[7] Mediante esta, esgrimieron que, aunque no se emplazó personalmente a la agente Trinidad, el emplazamiento en cuestión se entregó a un representante autorizado, por lo que no se incumplió con el diligenciamiento conforme lo exige la Regla 4.4 (e) de Procedimiento Civil, 32 LPR Ap. V, R. 4.4 (e). Evaluada la postura de las partes, el 12 de enero de 2024, notificada el 17 de enero del mismo año, el foro primario emitió *Sentencia Parcial* en la

---

[5] Véase, SUMAC TPI, Entrada Núm. 11
[6] Véase, SUMAC TPI, Entrada Núm. 21.
[7] Véase, SUMAC TPI, Entrada Núm. 24.

que desestimó sin perjuicio la causa de acción instada contra la agente Trinidad en su carácter personal.[8]

Transcurridos varios trámites procesales, el 23 de octubre de 2025, el Municipio presentó *Moción de Desestimación por Falta de Jurisdicción.*[9] Mediante esta, argumentó que, por virtud de la *Sentencia Parcial* notificada el 17 de enero de 2024, el foro primario desestimó la causa de acción contra la agente Trinidad, en su carácter personal, por esta no haber sido emplazada conforme a derecho. Adujo que dicho dictamen "se tornó final y firme el 17 de febrero de 2024".[10] Cónsono con lo anterior, esgrimió que el término prescriptivo para radicar una segunda demanda contra la agente Trinidad había expirado, por lo que resultaba imposible traerla al presente pleito. Como corolario de ello, esbozó que dado a que la agente Trinidad es una parte indispensable y ésta no puede acumularse como parte en el pleito, el foro primario perdió su jurisdicción para atender la presente controversia.

Evaluado este escrito, el 27 de octubre de 2025, el foro primario declaró *No Ha Lugar* la moción de desestimación instada por el Municipio.[11] En desacuerdo, el 8 de noviembre de 2025, el Municipio radicó *Moción de Reconsideración.*[12] Por virtud de esta, puntualizó que la agente Trinidad es parte indispensable en el pleito, sin su presencia, el foro primario carece de jurisdicción para atender la causa de acción de los Recurridos. Tras examinar este alegato, el 10 de noviembre de 2025, el foro primario declaró *No Ha Lugar* la moción de reconsideración.[13]

Aun inconforme, el 10 de diciembre de 2025, el Peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

---

[8] Véase, SUMAC TPI, Entrada Núm. 26.
[9] Véase, SUMAC TPI, Entrada Núm. 49.
[10] Véase, SUMAC TPI, Entrada Núm. 49. pág. 3.
[11] Véase, SUMAC TPI, Entrada Núm. 52.
[12] Véase, SUMAC TPI, Entrada Núm. 54.
[13] Véase, SUMAC TPI, Entrada Núm. 54.

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DEJAR DE AUSCULTAR SU PROPIA JURISDICCIÓN Y NO REALIZAR EL ANÁLISIS QUE ORDENA EL TRIBUNAL SUPREMO DE PUERTO RICO ANTE MOCIONES DE DESESTIMACIÓN POR FALTA DE PARTE INDISPENSABLE Y POR FALTA DE JURISDICCIÓN.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN POR FALTA DE JURISDICCIÓN ANTE LA FALTA DE UNA PARTE INDISPENSABLE EN ESTE CASO

El 11 de diciembre de 2025, esta Curia emitió *Resolución* en la cual se le concedió hasta el 22 de diciembre de 2025 a los Recurridos para que mostraran causa por la cual no se debía expedir el auto de *certiorari*. Oportunamente, el 22 de diciembre de 2025, los Recurridos comparecieron mediante escrito intitulado *Alegato en Oposición* [sic] *a Recurso de Certiorari.* Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de: (1)

decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni en ausencia de parámetros. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023). La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari. Íd.* Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). No obstante, "[a]l denegar

la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. Desestimación al amparo de la Regla 10.2 de Procedimiento Civil por falta de parte indispensable

En nuestro esquema procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la acción legal antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmob. Baleares et al. v. Benabe et al.* 214 DPR 1109, 1128 (2024) citando a *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y **(6) dejar de acumular una parte indispensable**. 32 LPRA Ap. V, R. 10.2. (Énfasis nuestro).

Cónsono con lo anterior, en nuestro esquema procesal, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula la figura de parte indispensable:

> Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada.

Según la interpretación jurisprudencial, la parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, "que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos" (citas omitidas). *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1120. Así pues, "[u]na parte

se convierte en indispensable cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados". *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 479 (2019).

Por su trascendencia, "la sentencia que se emita en ausencia de parte indispensable es nula". *García Colón et al. v. Sucn. González,* 178 DPR 527, 550 (2010). Si no está presente en el litigio se trasgrede el debido proceso de ley del ausente. *Rivera Marrero v. Santiago Martínez, supra,* pág. 479. Por tanto, el planteamiento de falta de indispensable puede presentarse en cualquier momento, lo que incluye que se presente por primera vez en apelación o incluso el tribunal puede levantarlo motu *proprio. Inmobiliaria Baleares, LLC v. Benabe González, supra* pág. 1121. De reconocerse que una parte indispensable está ausente debe desestimarse la acción legal, sin embargo, tal proceder no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 224 (2007).

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por las partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida emitida por el foro primario. En el presente caso, el Peticionario no ha demostrado que el foro primario se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Cónsono con lo antes expuesto, no intervendremos con la determinación discrecional del tribunal *a*

*quo*, por lo que procede que se deniegue el recurso de *certiorari* de epígrafe.

Nuestra determinación de no intervenir en los méritos de la decisión recurrida en estos momentos no constituye una adjudicación de la controversia existente entre las partes ni prejuzga el asunto planteado por estas.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones